IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL JOHN PISKANIN,<br>Petitioner | : <br> : <br> : |
| v. | :    CIVIL ACTION NO. 13-CV-3609 <br> : |
| MICHAEL LEVY and ERIC HOLDER,<br>Respondents. | : <br> : |

## **MEMORANDUM**

Petitioner filed a "Petition for Writ of Mandamus". Therein Petitioner seeks a writ of mandamus directed to Respondents which would require them to recuse themselves and grant Petitioner unspecified immunity, the removal and/or dismissal of his state court conviction and/or sentence, and confinement in a federal institution instead of a state institution.

### DISCUSSION

"[T]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an office or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Under § 1361, "the test for jurisdiction is whether mandamus would be an appropriate means of relief." *Jones v. Alexander*, 609 F.2d 778,781 (5th Cir. 1980) (citing *Carter v. Seamans*, 411 F.2d 767, 773 (5th Cir. 1969)). Mandamus is considered an "extraordinary remedy". As a "drastic remedy," it is seldom issued and its use is discouraged." *In re Patenuade*, 210 F.3d 140 (3d Cir. 2000) (citations omitted).

To ensure that the writ will only issue in appropriately extraordinary circumstances, a party seeking issuance of such a writ must demonstrate (1) that a public official has a well-defined and mandatory duty to perform a certain act, (2) that the petitioner has a clear and indisputable right to have that act performed, and (3) that no other adequate remedy is available.

*See Mallard v. District Court*, 490 U.S. 296, 309 (1989); *Heckler v. Ringer*, 466 U.S. 602, 616 (1984); *Jones*, 609 F.2d at 781. The duty owed by the government must be "a legal duty which is a specific, plain ministerial act 'devoid of the exercise of judgment or discretion.' An act is ministerial only when its performance is positively commanded and so plainly prescribed as to be free from doubt." *Harmon Cove Condo. Assoc. v. Marsh*, 815 F.2d 949, 951 (3d Cir. 1987) (citing *Richardson v. United States*, 465 F.2d 844, 849 (3d Cir. 1972) (en banc)). The Court has discretion over whether to issue a writ of mandamus. It may refrain from issuing a writ even when the technical grounds for mandamus are satisfied. *See In re Patenaude*, 210 F.3d at 141.

Petitioner has not demonstrated any extraordinary circumstances which warrant issuing a writ of mandamus. There is no well-defined and mandatory duty Respondents are required to perform. Petitioner does not have a clear and indisputable right to the relief requested. Finally, to challenge the execution of his state court sentence Petitioner may file a petition for *habeas corpus* relief pursuant to 28 U.S.C. § 2254. To attack the execution of his federal sentence, Petitioner may pursue relief via a motion filed pursuant to 28 U.S.C. § 2255. Therefore, Petitioner cannot demonstrate that no other adequate remedy is available. Thus, Petitioner has not asserted any cognizable grounds for mandamus relief.

**CONCLUSION**

For the foregoing reasons, the Petition for Writ of Mandamus is denied. An appropriate order follows.